**Marc–Elie CLERGEAU,**
**Plaintiff–Appellant,**

v.

**LOCAL 1181, AMALGAMATED TRANSIT UNION, AFL–CIO,**
**Defendant–Appellee.**

No. 08–4374–cv.

United States Court of Appeals, Second Circuit.

July 14, 2009.

Noah A. Kinigstein, New York, NY, for Appellant.

Richard A. Brook, Meyer, Suozzi, English & Klein, P.C., New York, NY, for Appellee.

PRESENT: REENA RAGGI and PETER W. HALL, Circuit Judges.*

### SUMMARY ORDER

■ Plaintiff Marc–Elie Clergeau sued defendant Local 1181, Amalgamated Transit Union, AFL–CIO ("Local 1181") for breach of its duty of fair representation by declining to pursue a grievance against Clergeau's employer, Lonero Transit, Inc. ("Lonero"). Clergeau now appeals the dismissal of his complaint pursuant to Fed. R.Civ.P. 12(c). We review a district court's Rule 12(c) dismissal *de novo*. *See Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525, 529 (2d Cir.2006). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Clergeau first argues that the district court erred in not recognizing that he had a meritorious grievance under the 1997 collective bargaining agreement ("CBA") in effect at the time his former employer, United Transit, Inc., unlawfully fired him in 1999. This argument is without merit. Clergeau's grievance arose in 2005, when Lonero hired him as a new employee rather than as a twelve-year veteran. The 2002 CBA in effect at that time, which superseded the 1997 CBA, thus controls the questions of seniority and salary at issue in this case.

■ Clergeau next contends that the district court "erred in holding that there was a break in service rendering [his] grievance without merit." Appellant's Br. at 12. Specifically, he submits that section V of the 2002 CBA, which governs seniority and tenure, is inapplicable to him because he "was illegally fired and was not offered any work to follow." *Id.* at 20. A question might arise as to whether the gap in Clergeau's employment between his firing in 1999 and the successful conclusion of his unlawful termination action in 2004 would constitute a "break in service" under the 2002 CBA if Clergeau had sought employment as a union driver for the New York City Department of Education ("DOE"). *See Clergeau v. Local 1181, Amalgamated Transit Union, AFL–CIO (Clergeau I)*, No. 99 Civ. 8260, at 6 (E.D.N.Y. Mar. 8, 2004) (noting Clergeau's ability to find union position as driver because he was terminated without just cause). But that question is mooted by Clergeau's independent search for employment, including non-union work, in 2005. *See Clergeau v. Local 1181, Amalgamated*

---

* Because District Judge Joseph F. Bianco of the United States District Court for the Eastern District of New York, sitting by designation and originally assigned to this panel, recused himself from consideration of this appeal, the decision announced in this order has been reached by the panel's remaining two judges pursuant to Local Rule § 0.14(b).

*Transit Union, AFL–CIO (Clergeau II)*, No. 06 Civ. 5567, 2008 WL 3334035, at *4 (E.D.N.Y. Aug. 10, 2008). Section V of the 2002 CBA defines a "new employee" as "those who move from employer to employer *on their own* and have not followed the work" with an employer under contract with DOE. Joint App. at 36, *Clergeau v. Local 1181, Amalgamated Transit Union, AFL–CIO*, No. 08–4374–cv, 2008 WL 6784244 (2d Cir. Dec. 4, 2008) (emphasis added). It is undisputed that Clergeau sought work independently, eventually accepting a non-union job, before obtaining his current unionized position with Lonero. We thus agree with the district court that "under the unambiguous terms" of the 2002 CBA, Clergeau's "independent job search constituted a break in service and rendered him a new employee when he began working at Lonero." *Clergeau II*, 2008 WL 3334035, at *4; *see also Aeronautical Indus. Dist. Lodge 91 of the Int'l Assoc. of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 230 F.3d 569, 576 (2d Cir.2000) ("When courts interpret CBAs, traditional rules of contract interpretation apply.... When provisions in the agreement are unambiguous, they must be given effect as written." (internal citation omitted)). For this reason, we also reject Clergeau's argument that the district court incorrectly concluded that his failure to add his name to the Master Seniority List constituted a break in service under the 2002 CBA.

We have considered Clergeau's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.